IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELISSA ULDRYCH,

    Plaintiff,

v.

THE VILLAGE OF MERRIONETTE PARK, *et al.*,

    Defendants.

No. 19-cv-06580

Judge John F. Kness

**MEMORANDUM OPINION AND ORDER**

This action arises from a longstanding feud between neighbors that culminated in Plaintiff's arrest for trespassing. (Dkt. 1 ¶¶ 39-45, 67-77.) It is before the Court on a motion to dismiss brought by Defendants AAA Freight, Inc., AAA Truck Center, Properties by Keljevic, Antonije Keljevic, and Predrag Igic. (Dkt. 12.) For the reasons stated below, the motion is denied.

**I.    BACKGROUND**

As alleged in the Complaint (Dkt. 1), Plaintiff is a police detective whose Chicago residence abuts a Merrionette Park, Illinois commercial property owned by Defendant AAA Freight, Inc. (*Id*. ¶¶ 14, 20.) AAA Freight is itself owned by Defendants Antoine Keljevic and Pedrag Igic, who operate a truck repair shop, AAA Truck Center, and another concern, Properties by Keljevic, both of which are included as defendants in this action. (*Id*. (these Defendants are referred to collectively as the "AAA Defendants")).[1]

---

[1] Although the Court follows the parties' lead in referring to the AAA Defendants collectively, many allegations levied against the group pertain only to some of the AAA

For years, Plaintiff and her neighbors have objected to the "dust, fumes, pollution, and noise" that emanate from the AAA Defendants' property. (*Id.* ¶ 22.) In 2017, Plaintiff complained to numerous public officials and agencies, including Merrionette Park municipal officials, her representatives in the state legislature, the United States Environmental Protection Agency, the Illinois Attorney General, and the local Water Reclamation District Board. (*Id.* ¶¶ 28, 33.) In response, the village of Merrionette Park—acting through its mayor, building commissioner, police chief, and two individual police officers (hereinafter the "Merrionette Defendants")—retaliated against her by conspiring with the AAA Defendants to falsely arrest her for criminal trespassing. (*Id.* ¶ 35.)

According to Plaintiff, the false arrest occurred as follows: on March 21, 2019, Plaintiff was walking her dog on a pathway near, but not on, the AAA Defendants'

---

Defendants. For instance, Properties by Keljevic is mentioned only twice in the Complaint, and neither mention includes any substantive allegations against it. (Dkt. 1 ¶¶ 9-10.) To justify grouping them together, Plaintiff incorporates by reference her allegations against some of the AAA defendants to press claims against the other AAA defendants. (*See, e.g., id.* ¶¶ 85-86.) This is an example of a disfavored practice known as "group" or "shotgun" pleading. *See CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 1001 (N.D. Ill. 2011) ("Courts have discouraged this type of 'shotgun' pleading where 'each count incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged [are] not material to the claim, or cause of action, appearing in a count's heading'") (quoting *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010)); *see also Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegation that " 'one or more of the Defendants' had engaged in certain acts or deprived him of his constitutional rights" was not sufficiently precise to withstand motion to dismiss); *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *3 (N.D. Ill. June 22, 2015) (complaint fails where "it provides no clues as to whether, for the particular conduct described, plaintiffs assert that each and every one of the defendants engaged in that conduct—in which case the collective descriptor may be permissible—or whether plaintiffs instead contend that only some of the defendants, or possibly even none of them, performed a given act"). That said, Defendants have not objected to the group-pled allegations (to the contrary, they group themselves together in the same manner in their motion to dismiss). Accordingly, the Court will not dismiss any claim on this basis.

property when she saw trees on their property being cut down. (*Id.* ¶¶ 37-41.) Plaintiff saw Defendant Igic and asked him why the trees were being cut down, but he refused to answer. (*Id.* ¶¶ 42, 44.) Defendant Igic then called Merrionette Park police to report a trespass, providing them a cell phone video of the incident as evidence. (*Id.* ¶¶ 45, 48.) Plaintiff says this video shows Plaintiff stayed behind a "No Trespassing" sign on the AAA Defendants' property. (*Id.* ¶ 48.) Despite this, the Merrionette Park police initiated a criminal trespassing case against Plaintiff. (*Id.* ¶ 51.)

While the criminal charges were pending, the AAA Defendants informed Plaintiff that they would drop the charges so long as she agreed to stop complaining about them to the Merrionette Defendants. (*Id.* ¶ 55.) Plaintiff obliged, and in turn the AAA Defendants told the Merrionette Park police on March 26, 2018 that they no longer wished to prosecute the trespassing case. (*Id.* ¶ 57.)

This détente was short-lived. On October 26, 2018, the state of Illinois served the AAA Defendants with a summons to a civil action. (*Id.* ¶¶ 62-63.) According to Plaintiff, the AAA Defendants blamed Plaintiff for the suit, so they changed course and informed the Merrionette Park police that they wished to pursue the trespassing charges against Plaintiff after all. (*Id.* ¶ 64.) As a result, Plaintiff was arrested and charged with criminal trespass on October 31, 2018. (*Id.* ¶ 67.) Because of the arrest, the Chicago Police Department stripped Plaintiff of her police powers the next day. (*Id.* ¶ 71.) Plaintiff was reinstated eight days later, and the trespassing charges against her were dismissed on January 4, 2019. (*Id.* ¶¶ 74, 76.)

On October 3, 2019, Plaintiff brought this action, alleging the defendants conspired to falsely arrest her in violation of 42 U.S.C. § 1983 and various Illinois

state statutes and common law doctrines. (Dkt. 1 ¶¶ 81-127.) The AAA Defendants now move to dismiss the claims against them. (Dkt. 12.) Being fully briefed (the AAA Defendants waived their opportunity to file a reply brief), the motion to dismiss is now before the Court for resolution.

## II.  STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal punctuation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although legal conclusions are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 678-79, the Court, in evaluating

a motion to dismiss, must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011); *see also Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016).

### III. ANALYSIS

The AAA Defendants move to dismiss all four counts of the Complaint that apply to them: (1) false arrest (Count II); (2) conspiracy (Count V); (3) malicious prosecution (Count VI); and (4) intentional infliction of emotional distress (Count VII). (Dkt. 12.) Because the Court's reasoning as to the false arrest claim applies with equal force to the malicious prosecution claim, the Court will address those claims together and then turn to the other claims.

A. <u>False Arrest (Count II) and Malicious Prosecution (Count VI)</u>

Under Illinois law, the elements of a malicious prosecution claim are: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, 131 N.E.3d 488, 495 (Ill. 2019) (internal marks omitted). Conversely, the elements of a false arrest claim are: "(1) the plaintiff was restrained or arrested by the defendant; and (2) the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff." *Duffy v. Haberkorn*, 2012 IL App (1st) 110841-U, ¶ 17 (citing *Meerbrey v. Marshall Field & Co.*, (Ill. 1990)).

The AAA Defendants contend the malicious prosecution case fails at the outset because, as private citizens and entities, they "cannot institute and prosecute a

5

criminal case." (Dkt. 12 at 9.) Similarly, they argue that they are not liable for false arrest because they only made a report to the police and did not themselves arrest Plaintiff. (*Id.* at 8.)

As Plaintiff argues, the AAA Defendants misapprehend the governing legal standard. For the purpose of a malicious prosecution claim, a private citizen "commences a criminal proceeding when he or she knowingly gives false information to a police officer, who then swears out a complaint." *Lau v. Sear*, 2019 IL App (1st) 180956-U, ¶ 40 (internal marks omitted); *see also Beamen*, 131 N.E.3d at 499-500 (the general "presumption of prosecutorial independence" may "be overcome by showing that the defendant improperly exerted pressure on the prosecution, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct").[2] Similarly, with respect to the tort of false arrest, a private individual "can be liable for false arrest if she directs or

---

[2] Some courts applying Illinois law have suggested that providing false information to the police does not support a claim of false arrest "[u]nless the information is the sole basis for the arrest. . . ." *Randall v. Lemke*, 726 N.E.2d 183, 186 (Ill. App. Ct. 2000); *see also Gvozden v. Mill Run Tours, Inc.*, No. 10-CV-4595, 2016 WL 930514, at *6 (N.D. Ill. Mar. 11, 2016) (no malicious prosecution claim against a false reporter unless the prosecutor's "intelligent exercise of * * * discretion was impossible" because of the false report) (quoting Restatement (Second) of Torts § 653, Comment g (1977)); *but see Olinger v. Doe*, 163 F. Supp. 2d 988, 991 (N.D. Ill. 2001) (applying Illinois law) (defendant need not be "sole source" of information to be liable for false arrest if the defendant demanded that plaintiff be arrested) (citing *Schmidt v. City of Lockport*, 67 F.Supp.2d 938 (N.D. Ill. 1999)). Because the AAA Defendants provided the police with a video of the alleged trespass, their report to the officers (whether false or not) may not have been the sole basis for the arrest. (*See* Dkt. 1 ¶¶ 48-50 (alleging the video provided to the arresting officer showed that Plaintiff was not trespassing).) The AAA Defendants did not, however, present that argument in their motion; dismissal on that basis, at least at this stage, would thus be improper. *See UIRC-GSA Holdings Inc. v. William Blair & Co., L.L.C.*, 289 F. Supp. 3d 852, 863 (N.D. Ill. 2018) (refusing to consider whether plaintiff's complaint adequately pled an element of its claim where defendant did not argue that element was inadequately pled in its initial brief) (citing *Rives v. Whiteside Sch. Dist. No. 115*, 575 Fed. App'x. 678, 680 (7th Cir. 2014) (nonprecedential disposition) (arguments not raised in initial brief are waived)).

procures" an arrest by providing the arresting officer with false information. *Squires-Cannon v. Forest Pres. Dist. of Cook Cty.*, No. 15 C 6876, 2016 WL 561917, at *7 (N.D. Ill. Feb. 12, 2016) (applying Illinois law).

Applying the correct legal standard to the allegations, the Court finds Plaintiff has stated claims for false arrest and malicious prosecution. Plaintiff alleges she was not on the AAA Defendants' property at the time of the incident. (Dkt. 1 ¶¶ 39, 41) (alleging she was "on [a] dirt pathway to the east of" the AAA Defendants' property and that she was later "standing prior to [*sic*] a 'No Trespassing' sign posted on a tree" on the AAA Defendants' property).) She further alleges that the AAA Defendants knew she was not on the property because Defendant Igic filmed a video that showed she was not on the property. (*Id.* ¶¶ 49-50.) Despite this, the AAA Defendants falsely reported to the police that she was trespassing, which resulted in her arrest and the commencement of criminal proceedings. (*Id.* ¶¶ 45, 49, 64, 67.) Because Plaintiff alleges the AAA Defendants knew Plaintiff had not trespassed but "directed or procured" by her arrest anyway, she has stated a plausible false arrest claim. *Squires-Cannon*, 2016 WL 561917, at *7.

Plaintiff has similarly stated a plausible malicious prosecution claim. The AAA Defendants challenge only the first element: namely, whether they initiated a criminal proceeding. (Dkt. 12 at 9.) For the reasons stated above, Plaintiff sufficiently alleges the AAA Defendants "knowingly g[ave] false information to a police officer, who then sw[ore] out a complaint." *Lau*, 2019 IL App (1st) 180956-U, ¶ 40. This is all that is required for a private person or entity to commence a criminal proceeding for the purpose of a malicious prosecution claim under Illinois law. *Id.* Because the AAA

Defendants do not contend any of the other elements are not satisfied, Plaintiff's malicious prosecution survives the AAA Defendants' motion to dismiss.

> B. Conspiracy (Count V)

Civil conspiracy consists of "a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994). Civil conspiracy is not a standalone cause of action. *Id.*; *see also Nelson v. Nelson*, 2020 IL App (3d) 190080-U, ¶ 83. It is, rather, a derivative claim that requires the plaintiff to show a predicate tort was committed in furtherance of an agreement. *Adcock*, 645 N.E.2d at 894-95 ("While the agreement is a necessary and important element of a cause of action for civil conspiracy, it does not assume the same importance as in a criminal action. . . . [T]he gist of a conspiracy claim is not the agreement itself, but the tortious acts performed in furtherance of the agreement"); *see also Nelson*, 2020 IL App (3d) 190080-U, ¶ 84 (dismissing conspiracy claim because underlying tort claim was dismissed).

In this case, the predicate torts are wrongful arrest and malicious prosecution. Plaintiff has stated claim for false arrest and malicious prosecution against the AAA Defendants by alleging that they lied to the Merrionette Defendants, who then relied on those misrepresentations when they arrested and charged Plaintiff. (*See* Section III.A. *supra*.) But it would have been senseless for the AAA Defendants to have conspired with the Merrionette Defendants by lying to them. Plaintiff thus alleges, in the alternative, that the Merrionette Defendants knew the AAA Defendants' trespass story was bogus, but they carried out the tortious arrest and prosecution

anyway as part of a conspiratorial scheme with the AAA Defendants. (*See* Dkt. 1 ¶¶ 99-100.)

The AAA Defendants assert that this theory is "vague" and "implausible." (Dkt. 12 at 5.) They argue the Complaint "states nothing more than ordinary encounters between the village, the mayor, the police and [the AAA] Defendants" and therefore "does not given fair notice of what the [conspiracy] claim is and the grounds upon which it rests." (*Id.* at 5-6.)

With respect, the Court disagrees. Because conspiracies are "purposefully shrouded in mystery," they "do not permit the plaintiff to allege, with complete particularity, all of the details of the conspiracy or the exact role of the defendants in the conspiracy." *Adcock*, 645 N.E.2d at 895. A conspiracy's existence, rather, is typically established "from circumstantial evidence and inferences drawn from evidence, coupled with commonsense knowledge of the behavior of persons in similar circumstances plaintiff." *Id.* Accordingly, a plaintiff "cannot be required to plead with specificity the very facts that can only be proven by circumstantial evidence." *Id.*; *see also Patrick v. City of Chicago*, 213 F. Supp. 3d 1033, 1057 (N.D. Ill. 2016) ("the existence of a conspiracy may be inferred through the combination of common sense and circumstantial evidence"); *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013) (applying Illinois law) (plaintiffs need not allege "an express agreement among all of the conspirators" or that they each knew "all the details of the plan"; rather, they need to plead that the conspirators shared a "general conspiratorial objective").

Plaintiff has sufficiently alleged her conspiracy claim. Plaintiff's theory is simple—the defendants conspired to retaliate against her for being a squeaky wheel

by arresting her on a bogus trespassing charge. Included in the Complaint is ample history of the feud, as well as contextual allegations explaining why Plaintiff was pitted against both her neighbors and Merrionette Park officials who, owing to Plaintiff's status as a Chicago resident, had no interest in protecting her. (Dkt. ¶¶ 22, 28, 33, 35.) Plaintiff's allegations connect the trespass charges to the feud by alleging the AAA Defendants used the trespass charge as leverage to compel Plaintiff to stop complaining about them. (*Id.* ¶ 55.) And Plaintiff alleges that the Merrionette Defendants (at the behest of the AAA Defendants) reinstated the charges against her five days after the Illinois Attorney General served a complaint that the defendants believed Plaintiff effected. (*Id.* ¶¶ 62-64.)

In addition to suspicious timing, Plaintiff points to the suspicious involvement of senior officials. She alleges the AAA Defendants took their complaint directly to the Merrionette Park chief of police (even though the charge was simple trespass, the inference being that a minor charge such as that ordinarily would not warrant the attention of the police chief), and that a Merrionette Park police sergeant told her that the mayor and chief of police personally ordered her arrest. (*Id.* ¶¶ 59, 66.) Worse still, the chief of police allegedly ordered the arrest after he assured a state senator that the charges had no prospect for success at trial. (*Id.* ¶ 65.)

Perhaps most importantly, Plaintiff claims defendants were (and are) in possession of evidence that shows the charges never had any legitimate basis. Specifically, she alleges a cell phone video provided to the Merrionette Defendants by the AAA Defendants shows that she was not on the AAA Defendants' property. (*Id.* ¶¶ 50-51.) That video may suggest the arrest was pretextual, which would provide

10

evidence of a conspiracy. *Cf. Robart Mfg. Co. v. Loctite Corp.*, No. 83 C 7288, 1986 WL 893, at *7 (N.D. Ill. Jan. 9, 1986) (evidence of pretext is not sufficient on its own to establish a conspiracy but it may be evidence of conspiracy); *Fragale & Sons Beverage Co. v. Dill*, 760 F.2d 469, 474 (3d Cir. 1985) (similar).

In sum, the Complaint sets forth the "general conspiratorial objective[,]" *Cooney*, 735 F.3d at 519, and provides enough factual information to state a plausible claim upon which relief can be granted. *Adcock*, 645 N.E.2d at 894-95.

C. <u>Intentional Infliction of Emotional Distress (Count VII)</u>

The AAA Defendants offer only a few sentences regarding Plaintiff's IIED claims, arguing that claim fails for the same reason as Plaintiff's other claims: because "Plaintiff's Complaint fails to specifically state what was false" in Defendants' report to the police. (Dkt. 12 at 9.) For the reasons explained above, the Court is satisfied that Plaintiff has alleged that the AAA Defendants' falsely reported that Plaintiff trespassed on their property. As a result, the AAA Defendants' motion to dismiss on this basis is denied.

IV. **CONCLUSION**

For the reasons stated above, the AAA Defendants' motion to dismiss (Dkt. 12) is denied.

SO ORDERED.

Date: December 29, 2020

_____
JOHN F. KNESS
United States District Judge